### COFFMAN v. MARTIN. (No. 7140.)

(Court of Civil Appeals of Texas. Dallas. May 9, 1914.)

INJUNCTION (§ 9*)—TRESPASSING FOWLS.

An injunction to restrain a person from allowing his chickens and turkeys to run at large will not issue, in absence of a statute prohibiting fowls from running at large.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 8; Dec. Dig. § 9.*]

Appeal from District Court, Collin County; F. E. Wilcox, Special Judge.

Action by G. C. Coffman against Gene Martin. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

R. C. Merritt and H. C. Miller, both of McKinney, for appellant. Doyle & Brown, of McKinney, for appellee.

RAINEY, C. J. Appellant and appellee owned adjoining premises in the edge of the town of McKinney. Coffman was growing alfalfa and Martin was raising chickens and turkeys for profit. Martin allowed his chickens and turkeys to trespass upon the premises of Coffman and injured his growing crop of alfalfa. Coffman brought suit for an injunction and for damages against Martin to restrain him from allowing his fowls from trespassing and injuring Coffman's alfalfa. A temporary writ of injunction was granted, but upon hearing it was dissolved, and judgment rendered against Coffman that

he take nothing by his suit, from which he has appealed.

The only issue presented is whether or not plaintiff was entitled to an injunction to restrain defendant from allowing his chickens and turkeys to run at large. The question is one of first impression in this state. The reason, we suppose, is that such fowls from time immemorial have been permitted to run at large in this state, and no recent law to prevent their running at large has been made. However such custom may have been annoying in some instances by chickens of one neighbor trespassing upon the premises of another, it has never reached such magnitude as to demand the attention of the Legislature, which only has the right to pass laws in relation thereto. It has seen proper to pass laws regulating the running at large of domestic animals, but it has never seen proper to include fowls in its enactment.

Before the Legislature regulated the running at large of domestic animals, our Supreme Court ruled that there was nothing in the law of this state to prohibit such animals from running at large, and we do not understand why such holding should not apply to domestic fowls. Investment & Agency Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 22 L. R. A. 105; Wilson v. Caffall, 83 S. W. 726; Kimple v. Schafer (Iowa) 143 N. W. 505. There was no lawful fence around appellant's premises. Investment Co. v. McClelland, supra, was a case where cattle were running at large. Justice Gaines said: "It is the right of every owner of domestic animals in this state, not known to be diseased, vicious, or 'breachy,' to allow them to run at large, and this without reference to the size or class of such animals kept by others in the same neighborhood."

As to the question of damage, there was no proof of value; and the judgment is affirmed.